# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| William B. Cox, Personal Representative for the Estate of Robin C. Fleming, | Civil Action No.: 4:13-cv-1456-BHH |
| Plaintiff, | **ORDER AND OPINION** |
| vs. | |
| Duke Energy, Inc., Darlington County Sheriff's Office, Darlington County Sherriff J.W. Byrd, Gary Streett, Joyce C. Everett, and William "Randy" Gideon, | |
| Defendants. | |

This matter is before the Court upon Bill of Costs motions filed by Defendants Duke Energy Inc. ("Duke Energy") (ECF No. 172), and J.W. Byrd, Joyce C. Everett, and Gary Streett ("Sheriff Defendants"). (ECF No. 173.) The Court entered summary judgment in favor of Defendants on March 31, 2016. (ECF No. 170.) Duke Energy and the Sheriff Defendants timely submitted their Bill of Costs in the amount of $7,613.38 and $3,272.20, respectively. (ECF Nos. 172; 173.) Plaintiff filed objections to the Bill of Costs on April 22, 2016,[1] (ECF No. 174), to which Duke Energy responded, (ECF No. 176). For the reasons set forth below, the Court grants Defendants' request for costs with exception.

---

[1] While Duke Energy argues that Plaintiff's objections are untimely because the deadline for objections to its Bill of Costs was one day earlier, April 21, 2016, there is no evident prejudice from this minimal delay. (ECF No. 176 at 1.) The Court will not reject Plaintiff's objections on this basis.

1

**LEGAL STANDARD**

According to the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *see also Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* (citing *Teague*, 35 F.3d at 996).

To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Id.* (citing *Cherry*, 186 F.3d at 446). Ultimately, the court has discretion to award or deny costs to the prevailing party. *Cherry*, 186 F.3d at 446.

**DISCUSSION**

In this case, there is no suggestion of misconduct by Defendants, the prevailing party, and their victory is not of limited value. Thus, the first and fourth factors favor assessing costs against Plaintiff. While the majority of costs are undisputed in amount, Plaintiff asserts that Duke Energy is unfairly asking for costs for both the video deposition

2

and the transcribed deposition of Plaintiff's expert, David Anderson ("Anderson"). (ECF No. 174 at 3.) Plaintiff's argument places Exhibits G and K in dispute. (ECF No. 177.) On the docket, Exhibit G is labeled "Invoice for the deposition of David Anderson" and Exhibit K is labeled "Invoice for the video deposition of plaintiff's expert, David Anderson." (ECF No. 172.) Duke Energy's itemized bill of costs lists Exhibit K as "Payment to AVN Solutions, LLC for deposition of Plaintiff's expert David Anderson." (ECF No. 172-1.) However, the contents of Exhibit K indicate that it is actually an invoice for the video deposition of Robin Fleming, and reveal a different amount invoiced than that stated in the itemized bill of costs.[2] (ECF Nos. 172-1; 172-12.)

Duke Energy contends that the deposition of Anderson was not videotaped and cites Exhibit G in support. (ECF No. 176 at 1–2.) Duke Energy completely ignores Exhibit K in its response, which the docket labels as invoicing a video deposition for Anderson. Given that Exhibit K was apparently mislabeled and that Duke Energy has failed to substantiate the costs listed therein, the Court will not include that invoice in the list of costs sought by Duke Energy. The court finds that the remaining costs are not excessive, and the third factor therefore weighs in favor of Defendants.

As to the fifth factor, Plaintiff contends that the issues in this case were close and difficult and cites a portion of the Court's March 31, 2016 Order in support. (ECF No. 174 at 2.) However, contrary to Plaintiff's assertions, the Court did not expressly consider this to be a close case. Rather, in the portion of the Order cited by Plaintiff, the Court explained that "the Duke Defendants['] . . . separate federal obligation to investigate the

---

[2] Duke Energy's itemized bill of costs lists Exhibit K as an invoice for $1,062.10, while the actual invoice in Exhibit K is for the amount of $1,604.60. (ECF Nos. 172-1; 172-12.)

circumstances surrounding a flight they deemed to be suspicious" negated the factors that "would otherwise make this a close case." (ECF No. 170 at 33.) In short, the Court does not find the issues in this case were notably close or difficult. Thus, this factor also weighs in favor of Defendants.

The remaining question is whether Plaintiff has the ability to pay costs. Plaintiff contends the estate "has no income and few assets" and that awarding costs would create a hardship. (ECF No. 174 at 2.) Plaintiff further asserts that Defendants are in much better financial circumstances to bear the costs of this litigation. (*Id.*) Given that the majority of the other factors favor Defendants, the Court declines to deny Defendants costs on this basis. The Fourth Circuit has similarly rejected arguments that a plaintiff's good faith, modest means, or the defendant's substantially greater wealth (either alone or in combination) justify the denial of costs. *Cherry*, 186 F.3d at 447–48 (noting that, while good faith is a prerequisite to denial of costs, it did not alone justify such denial and plaintiff had failed to show her means were so modest she could not pay costs).

## CONCLUSION

For the reasons explained above, the Court finds the costs sought recoverable with the exception of $1,062.10 in costs sought by Duke Energy for payment to AVN solutions, LLC for the deposition of Anderson. The Court, therefore, awards costs in the amount of $6,551.28 to Duke Energy and $3,272.20 to the Sheriff Defendants.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
January 31, 2017